[No. A062747. First Dist., Div. Five. June 21, 1994.]

CURTIS LEE CANTWELL et al., Plaintiffs and Appellants, v.
PEPPERMILL, INC., Defendant and Respondent.

[Opinion certified for partial publication.*]

*Pursuant to rules 976 and 976.1 of the California Rules of Court, this opinion is certified
for publication except for parts II and III.

## COUNSEL

Ganong & Michell and Georgia Ann Michell for Plaintiffs and Appellants.

Stoddard, Falco & Pfeiffer, Steven N. H. Wood and George W. Pfeiffer for Defendant and Respondent.

## OPINION

**HANING, J.**—Plaintiffs and appellants Curtis and Tammy Cantwell appeal a judgment dismissing their premises liability action for personal injury and loss of consortium against defendant and respondent Peppermill, Inc., after respondent's demurrer was sustained without leave to amend on the ground that appellants' first amended complaint was barred by Business and Professions Code section 25602. (Hereafter, section 25602.)

### FACTS AND PROCEDURAL HISTORY

Since this appeal is taken from a judgment of dismissal after a demurrer to appellants' first amended complaint was sustained without leave to amend, we must accept all material facts properly pleaded as true (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]), and we report them accordingly.

Respondent operates a "restaurant, bar and lounge" where alcoholic beverages are sold. While appellants were dining there on November 13, 1991, appellant Curtis Cantwell was assaulted and stabbed by another patron. In their original complaint for personal injury and loss of consortium appellants alleged two causes of action against respondent based on alternative theories: (1) The first cause of action alleged that the assailant was intoxicated at the time of the assault, and sought to impose liability against respondent for negligence in furnishing the alcohol to the assailant that caused his aggressive behavior; (2) the second cause of action was founded on premises liability, alleging respondent's failure to protect its patrons against such assaults.

Respondent demurred to the original complaint in reliance on subdivision (b) of section 25602, which provides: "No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage [to any habitual or common drunkard or to any obviously intoxicated person] shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage."

The demurrer was submitted on the papers with no argument. The trial court's order sustaining the demurrer stated, in part: ". . . [Appellants] have admitted . . . that the assault and battery by [the assailant] was caused by his intoxication and that consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person. [Citation.]" The court gave appellants leave to file an amended complaint "and only one opportunity to show that the allegation of intoxication was due to mistake or inadvertence."

Appellants' first amended complaint omitted the first cause of action in their original complaint that alleged liability solely for the furnishing of alcoholic beverages to the assailant. In a cause of action based on premises liability appellants alleged that for a period of three years prior to the alleged assault, respondent knew that "numerous and various crimes related to the consumption of alcoholic beverages had been committed on the premises and in the buildings and common areas thereof, including . . . assault, battery, aggravated assault, and other crimes against persons[,]" failed to warn or take appropriate action to protect its patrons from such assaultive behavior and conduct, and generally failed to provide its patrons with a safe environment.

Respondent then demurred to the first amended complaint on the ground that appellants "cannot avoid dismissal by simply omitting, without explanation, allegations destructive to their cause of action[,]" referring to the fact that appellants did not allege that the assailant was intoxicated at the time of the assault as a result of alcohol purchased from respondent.

Appellants opposed the demurrer on the ground that the intoxication allegations were merely surplusage mistakenly included by appellants' counsel to heighten and augment respondent's breach of duty to appellants, and were not the basis of their assertion of liability. The trial court sustained the demurrer without leave to amend on the ground that the first amended complaint "failed to show that the allegation of intoxication was due to mistake or inadvertence. Therefore, the allegation of intoxication from the original complaint infected the First Amended Complaint."

## DISCUSSION

### I

The issue is whether appellants have stated a valid cause of action outside the purview of section 25602, the purpose of which is to reaffirm "prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." (§ 25602, subd. (c).)

Section 25602 generally immunizes an establishment from liability for injuries to third parties resulting from the furnishing of alcohol to its patrons, permitting its patrons to consume alcoholic beverages on the premises, or for failing to prevent or prohibit its patrons from drinking alcoholic beverages and encouraging the use of its premises for drinking. (*Leong* v. *San Francisco Parking, Inc.* (1991) 235 Cal.App.3d 827, 831-832 [1 Cal.Rptr.2d 41].) However, section 25602 does not preclude all actions against innkeepers merely because they furnish alcohol. "[T]he proprietor of a place where intoxicating liquors are dispensed owes a duty of exercising reasonable care to protect his patrons from injury at the hands of fellow guests. [Citations.]" (*Saatzer* v. *Smith* (1981) 122 Cal.App.3d 512, 518 [176 Cal.Rptr. 68]; accord, *Gray* v. *Kircher* (1987) 193 Cal.App.3d 1069, 1073 [236 Cal.Rptr. 891].) Although the proprietor is not an insurer of its patrons' safety, he has a duty of care to protect patrons from the reasonably foreseeable criminal or tortious conduct of third persons. Thus, he is liable for "receiving or harboring guests of known violent or vicious propensities. [Citations.]" (*Saatzer* v. *Smith, supra*, at p. 518; *Slawinski* v. *Mocettini* (1963) 217 Cal.App.2d 192, 196 [31 Cal.Rptr. 613] ; *Kingen* v. *Weyant* (1957) 148 Cal.App.2d 656, 661 [307 P.2d 369].)

Both in their original and in their first amended complaints, appellants alleged a cause of action against respondent for breach of its duty to exercise reasonable care to protect its patrons from the reasonably foreseeable criminal or tortious conduct of their assailant and other third parties. As a matter of law such liability may attach regardless of whether the assailant purchased or consumed alcohol on respondent's premises. The gravamen of the cause of action is that the injury resulted from respondent's failure to protect patrons from the tortious or criminal conduct of others, and not from the furnishing of alcohol.

In pleading the premises liability cause of action in their original complaint, appellants followed the common practice of incorporating by

reference certain allegations in paragraphs contained in other causes of action. In so doing, they realleged facts supporting the dram shop liability barred by section 25602. Consequently, appellants' original premises liability cause of action was subject to demurrer or a motion to strike the improper allegations. However, in their first amended complaint appellants deleted those allegations that rendered it demurrable.

Respondent urges the rule that a litigant may not avoid a demurrer by simply omitting facts which made the previous complaint defective. "If a party files an amended complaint and attempts to avoid the defects of the original complaint by either omitting facts which made the previous complaint defective or by adding facts inconsistent with those of previous pleadings, the court may take judicial notice of prior pleadings and may disregard any inconsistent allegations. [Citations.]" (*Colapinto* v. *County of Riverside* (1991) 230 Cal.App.3d 147, 151 [281 Cal.Rptr. 191].) However, this is not what occurred here. Respondent ignores the fact that although appellants' complaint was inartfully drafted, they alleged a viable cause of action separate and distinct from any asserted dram shop liability. In other words, under the facts alleged, respondent's liability exists regardless of the fact that it sold alcohol to appellants' assailant. A license to sell alcoholic beverages does not confer a grant of immunity to the innkeeper who permits the premises to be used as an arena for aggressive tortfeasors. (See *Saatzer* v. *Smith*, *supra*, 122 Cal.App.3d at p. 518; *Slawinski* v. *Mocettini*, *supra*, 217 Cal.App.2d at p. 196; *Kingen* v. *Weyant*, *supra*, 148 Cal.App.2d at p. 661.)

Respondent contends that *Saatzer*, *Slawinski* and *Kingen* are not controlling because they concerned conduct that occurred prior to the amendment to section 25602 eliminating dram shop liability. Again, this argument overlooks the fact that appellants are not claiming respondent is liable for serving alcoholic beverages, but for failure to maintain a safe premises. An innkeeper must take reasonable steps to protect his guests from drunken assailants as well as sober ones.

As we previously indicated, the stated purpose of section 25602 is to abrogate the rulings in *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669], *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719] and *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], and reaffirm "prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." (§ 25602, subd. (c).) *Coulter, Bernhard* and *Vesely* were cases where the plaintiffs were injured by intoxicated operators of motor vehicles, and were suing the persons or entities who

served the alcoholic beverages to the defendant drivers. Obviously, section 25602 now immunizes the person furnishing the alcohol from such liability. However, if an innkeeper loans his vehicle to a drunken patron to drive home because the patron has spent his cab fare on strong drink, the innkeeper is not shielded from liability if that patron is too intoxicated to see a red light and strikes a pedestrian in the crosswalk. Under those circumstances the innkeeper would be liable at least under a theory of negligent entrustment. By the same token, an innkeeper cannot with impunity encourage or permit its patrons to become drunk and belligerent to the point where they start assaulting other guests.

Respondent's position, as conceded at oral argument, is that an innkeeper is liable for failure to take reasonable steps to protect his or her patrons from belligerent and aggressive guests who drink nonalcoholic beverages purchased on the premises or alcohol purchased *elsewhere*, but not from guests who drink alcohol purchased on the premises. We disagree; section 25602 does not affect an innkeeper's duty of care to take reasonable steps to protect his or her guests from the aggressive conduct of other persons on the premises.

## II-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment of dismissal is reversed and the cause remanded with instructions to overrule the demurrer.

Peterson, P. J., and King, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 8, 1994.

---

*See footnote, *ante*, page 1797.