***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms Deputy Commissioner Taylor's Decision and Order.
 ***********
Based upon all the competent evidence in the record, the Full Commission makes the following
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
Plaintiff is an inmate of the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim Affidavit with the North Carolina Industrial Commission alleging negligence on behalf of Correctional Officer Diggs.
4. Plaintiff testified at the hearing before the Deputy Commissioner that on October 12, 2001, he asked for Maalox because his stomach was upset. Plaintiff further testified that he was told there were no cups to dispense the Maalox and to come back shortly.
5. Plaintiff later returned and asked Correctional Officer J.D. Diggs for Maalox. Officer Diggs poured Plaintiff a medicine cup full of a pink liquid that he thought was Maalox. As Plaintiff raised the medicine cup to drink, Officer Diggs saw that the bottle was Calamine lotion and told the Plaintiff to stop. However, Plaintiff drank the medicine cup of Calamine lotion. After Plaintiff drank the Calamine lotion, Officer Diggs reported the incident to his superior.
6. Plaintiff testified at the hearing before the Deputy Commissioner that he had an upset stomach and that his throat burned after drinking the Calamine lotion.
7. Plaintiff was escorted to medical and treated by Karen Martin, RN. Nurse Martin contacted Poison Control who informed her that Calamine lotion was non-toxic. Nurse Martin gave the Plaintiff some Maalox. Plaintiff then left medical and did not appear to have any problems.
8. Plaintiff further testified that he signed up for a sick call after the incident but did not go because he felt better.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. "It is well established that in order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706,460 S.E.2d 133, 136 (1995).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
3. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v.Len-Care Rest Home, 127 N.C. App. 471, 475, 490 S.E.2d 572, 575
(1997), rev'd on other grounds, 348 N.C. 68, 497 S.E.2d 282
(1998); See also N.C. Gen. Stat. §§ 143-291; 143-297.
4. Plaintiff has not proven by the greater weight of the evidence that he suffered any damages from consuming the Calamine lotion. Plaintiff did not present competent evidence of any alleged injuries and Plaintiff did not seek any follow up medical treatment.
5. Plaintiff has failed to prove his negligence claim.
6. That Plaintiff's claim should be denied.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Undersigned enters the following
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each side shall bear its own costs.
This the ___ day of August, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER