***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms Deputy Commissioner Taylor's Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Deputy Commissioner as:
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate of the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim Affidavit with the North Carolina Industrial Commission alleging negligence in the form of lost eye glasses.
4. On May 31, 2001, Plaintiff was transported from Johnston Correctional Institution to UNC Hospital at Chapel Hill for a stomach exam and medical testing. Correction Officer Tony Scarboro was one of the two officers that escorted Plaintiff to UNC Hospital on May 31, 2001.
5. Plaintiff had possession of his eye glasses when he left Johnston Correctional Institution on the morning of May 31, 2001.
6. Upon arriving at UNC Hospital, Plaintiff was taken to an exam room where he was instructed to take off his clothes and place them in a bag. Plaintiff testified at the hearing before the Deputy Commissioner that he placed his eyeglasses in the bag with his clothes and that he left the bag in the exam room. Plaintiff further testified that when he returned, the eyeglasses were not in the bag.
7. Corrections Officer Scarboro testified that the Plaintiff put his eyeglasses on instead of putting them in the bag with his clothes.
8. Corrections Officer Scarboro testified that after Plaintiff was returned to Johnston Correctional Institution, Plaintiff complained that his eyeglasses were missing. Corrections Officer Scarboro searched the vehicle that transported Plaintiff to and from UNC Hospital but did not find the eyeglasses.
9. Sergeant Ray Batts testified that upon learning that Plaintiff claimed his eyeglasses were missing, Sergeant Batts telephoned UNC Hospital at approximately 2:00 p.m. on May 31, 2001. Sergeant Batts testified that he spoke with a nurse who searched the examination room used by the Plaintiff and that the nurse was unable to find Plaintiff's eyeglasses.
10. Plaintiff testified that his eyeglasses were from Lenscrafters, had gold frames, and cost three hundred dollars and sixty-five cents ($300.65).
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. "It is well established that in order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706,460 S.E.2d 133, 136 (1995).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
3. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v.Len-Care Rest Home, 127 N.C. App. 471, 475, 490 S.E.2d 572, 575
(1997), rev'd on other grounds, 348 N.C. 68, 497 S.E.2d 282
(1998); See also N.C. Gen. Stat. §§ 143-291; 143-297.
4. Plaintiff has not proven by the greater weight of the evidence that any employee or agent of the Department of Correction was negligent.
5. Plaintiff has not proven by the greater weight of the evidence that the actions of Defendant's employees or agents were the proximate cause of the loss of his eyeglasses.
6. Plaintiff has failed to prove his negligence claim.
7. That Plaintiff's claim should be denied.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Undersigned enters the following
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each side shall bear its own costs.
This the ___ day of August, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER