* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission hereby affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was previously incarcerated in the North Carolina Department of Correction but as of the hearing before the Deputy Commission is no longer in prison. He filed this claim against the defendant for damages pursuant to the N.C. Tort Claims Act. The Industrial Commission has jurisdiction to hear the claim pursuant to N.C. Gen. Stat. § 143-291 et seq.
2. Plaintiff testified that in 1996, he developed a tumor in or near his right ear. He alleges there was a delay in performing a CT scan to confirm the presence of the tumor and a delay in performing surgery to remove the tumor. He has made numerous allegations that the medical staff failed to give him timely and appropriate medical treatment with regard to this condition.
3. Review of plaintiff's medical records show that while in the custody of the Department of Correction, plaintiff had been treated on numerous occasions for complaints regarding his ears, primarily his right ear, and had also been treated repeatedly for sinus complaints. His diagnostic records from May 27, 2001, reflect a "moderate degree of at least chronic sinusitis."
4. Plaintiff testified that he had several surgeries to his right ear, which is confirmed by his medical records. The records show that plaintiff was diagnosed as early as October 1996 for his ear complaints. Plaintiff underwent audiograms, followed by a CT scan for his right ear. He then underwent surgery on his right ear at Dorothea Dix Hospital on December 3, 1996, for complaints of recurrent drainage and discharge from his right ear. The surgical procedure is described as an "exploratory tympanotomy," which disclosed a "cholesteatoma" that was removed. Plaintiff was diagnosed with this condition as well as "retraction pocket right ear." It was noted that further surgery would be needed.
5. On February 20, 1997, plaintiff underwent additional surgery at Dorothea Dix Hospital for "chronic right ear drainage and progressive hearing loss." Plaintiff's admitting diagnosis was "right cholesteatoma" and a right "tympanomastiodectomy" was performed.
6. Plaintiff underwent additional surgery at Dorothea Dix Hospital on July 1, 1997, to determine if there were any "further cholesteatoma and possible ossiculoplasty." The records reflect an admitting diagnosis of "hearing loss status post right Tympanomastiodectomy." The operative report confirms, "There was no cholesteatoma noted within the middle ear. The mastoid was not opened." The medical records also reflect that there was a prosthesis placed, and that plaintiff tolerated the procedure well.
7. Additional surgery was performed on November 4, 1997, for "right T placement." The left external auditory canal was also cleared of cerumen and examined with a microscope. It was noted that plaintiff tolerated the procedure well.
8. Plaintiff has undergone additional medical assessments and surgical procedures. He testified about another surgery on his ears in June 2000. The prison medical records indicate that he had surgery at Wake Medical Center on or about June 8, 2000.
9. Plaintiff's medical records show that he has undergone several audiological evaluations while in prison and that a hearing aid was issued. The hearing aid has been repaired at least once.
10. The medical records document plaintiff's chronic ear problems and multiple right ear surgeries. Plaintiff has been medically treated on numerous occasions, and there is no indication that he was denied appropriate or timely medical care. Although a hearing loss is reflected in his medical records, there is no medical evidence to establish that this hearing loss was due to a lack of timely or appropriate medical attention.
11. Plaintiff has not submitted any expert medical testimony to support his claim that his hearing loss resulted from inattention to his ear complaints while he was incarcerated. There is no evidence that the medical staff violated the standard of medical care in rendering treatment to plaintiff or that correctional staff ignored his requests for medical attention. Based on the competent lay and medical evidence in the record, the Full Commission finds that plaintiff has received timely and appropriate treatment for his complaints.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. "It is well established that in order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706,460 S.E.2d 133, 136 (1995).
3. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swannv. Len-Care Rest Home, 127 N.C. App. 471, 475, 490 S.E.2d 572,575 (1997), rev'd on other grounds, 348 N.C. 68, 497 S.E.2d 282
(1998); See also N.C. Gen. Stat. §§ 143-291; 143-297.
4. Plaintiff has failed to prove that any problems he has with his hearing are due to any lack of care on the part of medical or correctional staff. The evidence fails to support his allegations of negligence and his claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and the conclusions of law, the Full Commission enters the following:
 ORDER
1. IT IS HEREBY ORDERED that plaintiff's claim is DENIED.
2. No costs are assessed.
This the __ day of July 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER