* * * * * * * * * * *
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Griffin. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Griffin.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and the subject matter. *Page 2 
2. All parties are correctly designated; there is no question of misjoinder or nonjoinder of parties.
3. At all times relevant to the subject matter of this action, Sergeant James Allen was employed by the North Carolina Department of Correction at Wayne Correctional Center in Goldsboro, North Carolina.
4. At all times relevant to the subject matter of this action, Sergeant James Allen acted within the scope of his employment.
5. The incident, which provides the basis for this action, occurred on October 23, 1995 at Wayne Correctional Center in Goldsboro, North Carolina.
6. At all times relevant to the subject matter of this action, plaintiff, Darrel Pearson, was a prisoner in the custody of the North Carolina Department of Correction, housed at Wayne Correctional Center in Goldsboro, North Carolina.
7. Darrell Pearson filed a claim for damages with the Industrial Commission on October 22, 1998.
8. Defendant filed its Answer December 28, 1998, denying negligence and asserting the defense of contributory negligence.
 * * * * * * * * * * * EXHIBITS
The following were marked and received into evidence as:
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Plaintiff's Exhibit Number 1, Certificate of Acknowledgement from the custodian of medical records for Wayne Memorial Hospital and medical records from Wayne Memorial Hospital *Page 3 
3. Plaintiff's Exhibit Number 2, Affidavit from Duke University Medical Center's custodian of medical records and medical records from Duke University Medical Center
4. Plaintiff's Exhibit Number 3, Affidavit from Charlotte Orthopedic Specialists and medical records from Charlotte Orthopedic Specialists
5. Plaintiff's Exhibit Number 4, N.C. Department of Correction Sick Call Appointment Request log
6. Plaintiff's Exhibit Number 6[1], Offense and Disciplinary Report of inmate Marcus Spencer.
7. Plaintiff's Exhibit Number 7, N.C. Department of Correction Division of Prisons Administrative Remedy Procedure
8. Defendant's Exhibit Number 1, Oral Deposition Transcript of Sergeant James Allen, which was taken on January 22, 1997
9. Defendant's Exhibit Number 2, Oral Deposition Transcript of Officer Bobby Savage, which was taken on January 22, 1997 with Plaintiff's Deposition Exhibit Number 1 attached thereto
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On October 23, 1995, plaintiff was the canteen operator at the Wayne Correctional Center in Goldsboro, North Carolina. Plaintiff was housed in the "J" dormitory.
2. At approximately 2:45 to 3:00 p.m. on October 23, 1995, another inmate housed in dormitory "J", Marcus Spencer, approached plaintiff and began loudly arguing with him. Mr. *Page 4 
Spencer believed that plaintiff had reported an alleged attempted rape of another inmate in the showers by Mr. Spencer to Sergeant James Allen. Plaintiff adamantly denied Mr. Spencer's allegations.
3. Officer Bobby Savage, the supervisor of dormitory "J", separated plaintiff and Mr. Spencer to determine the reasons for the argument. After his discussion with each inmate, Officer Savage brought both inmates into the lobby area and explained their current behavior would not be tolerated and that he would send them to the sergeant if necessary. At that time, plaintiff and Mr. Spencer indicated the situation was "dead".
4. At approximately 8:10 p.m. that same day, plaintiff approached Officer Savage and explained that Mr. Spencer was continuing to threaten him. Officer Savage escorted plaintiff to the office of the officer in charge, Sergeant James Allen.
5. Plaintiff explained that Mr. Spencer believed that he had reported Mr. Spencer for a sex act violation to Sergeant Allen. After hearing plaintiff's explanation, Sergeant Allen directed Officer Savage to escort Mr. Spencer to his office. In Sergeant Allen's presence, Mr. Spencer gave his version of the events, stating that he believed plaintiff had reported him for a sex act violation. Sergeant Allen told Mr. Spencer that plaintiff was not the inmate who reported the attempted sexual assault. Sergeant Allen also indicated that this type of behavior would not be tolerated and the offending parties would be locked up. Mr. Spencer agreed that the situation was dead and he shook hands with plaintiff.
6. Sergeant Allen asked Mr. Spencer to step outside so that he could speak with plaintiff alone. Sergeant Allen questioned whether plaintiff still felt threatened by Mr. Spencer. Plaintiff informed Sergeant Allen he did not still feel threatened and that "everything's straight". Plaintiff was permitted to return to the dormitory. *Page 5 
7. Sergeant Allen spoke briefly with Mr. Spencer and reminded him that he had only a few days left in the facility and that he would be locked up if he continued the argument with plaintiff. After this conversation, Officer Savage escorted Mr. Spencer back to the dormitory.
8. With approximately 30 minutes left in his shift, Officer Savage discussed the situation between plaintiff and Mr. Spencer with the relieving officer from the oncoming shift and the officer at the control center. Officer Savage informed the officers to take plaintiff and Mr. Spencer to the officer in charge if there was in further disagreement between them.
9. At approximately 10:35 p.m., Mr. Spencer attacked plaintiff, hitting him across the face and hand with a padlock inside of a sock. Plaintiff sustained significant injuries, including a broken nose and two broken fingers. Plaintiff was transported to Wayne Memorial Hospital for medical treatment.
10. Mr. Spencer was charged with assaulting plaintiff through internal disciplinary action and subsequently pled guilty to the offense.
11. Superintendent Michael Bell investigated the grievances filed by plaintiff with the Department of Correction. Superintendent Bell determined that Sergeant Allen exercised good judgment and discretion in handling the situation between plaintiff and Mr. Spencer.
12. Sergeant Allen followed the appropriate procedure in handling the situation between plaintiff and Mr. Spencer. He interviewed each inmate about the dispute and spoke to each inmate directly. In his presence, plaintiff and Mr. Spencer stated the situation was "dead" and even shook hands, which indicated to Sergeant Allen the dispute between the two was resolved. Plaintiff reported to Sergeant Allen that he no longer felt threatened by Mr. Spencer. Sergeant Allen's decision to not physically separate the inmates was based on his discussions with the inmates and his familiarity with their respective disciplinary backgrounds. Most of the *Page 6 
incidences with Mr. Spencer involved irritating the guards or other inmates. There was no evidence presented, which showed that Mr. Spencer had a history of assaulting other inmates. It was unreasonable for Sergeant Allen to anticipate that Mr. Spencer would assault plaintiff several hours later after their argument was diffused. Based on the competent evidence of record, the undersigned finds that plaintiff failed to show any breach of duty proximately caused his injuries.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. "It is well established that in order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages."Camalier v. Jeffries, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995).
3. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v. Len-Care Rest Home,127 N.C. App. 471, 475, 490 S.E.2d 572, 575 (1997), rev'd on other grounds,348 N.C. 68,497 S.E.2d 282 (1998); See also N.C. Gen. Stat. §§ 143-291; 143-297. Plaintiff failed to prove by the greater weight of the evidence that defendant breached a duty of care owed to plaintiff. Therefore, plaintiff has failed to prove his negligence claim.
 * * * * * * * * * * * *Page 7 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall bear its own costs.
This the 16th day of September, 2008.
 S/_________________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
 S/_________________________ PAMELA T. YOUNG CHAIR
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER
[1] Plaintiff did not submit an Exhibit marked Number 5 to be entered into evidence.