[No. A033007. First Dist., Div. Five. May 15, 1987.]

TERRY C. GRAY, JR., Plaintiff and Appellant, v. VINCENT KIRCHER, Defendant and Respondent.

COUNSEL

John R. Weinstein for Plaintiff and Appellant.

Branson, Fitzgerald & Howard, Henry D. Rome and Barbara A. Nash for Defendant and Respondent.

OPINION

HANING, J.—Plaintiff/appellant Terry C. Gray, Jr., appeals from a judgment of nonsuit in his action for personal injuries received while residing in a hotel owned by defendant/respondent Vincent Kircher. Appellant's injuries resulted from a gunshot wound inflicted by another guest at the hotel. Appellant contends the trial court erred in granting the nonsuit in favor of respondent hotel owner, in that the evidence would have supported a verdict in his favor. We disagree, and affirm.

As Professor Witkin has noted, a motion for nonsuit "is the modern equivalent of a *demurrer to the evidence*: it concedes the truth of the facts

proved, but denies that they, as a matter of law, sustain the plaintiff's case. [Citations.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 405.) "A nonsuit may be granted only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. [Citation.]" (*Cervantez* v. *J. C. Penney Co* .(1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975].) In reviewing the judgment of nonsuit we review the facts in this light.

Respondent owned and operated the National Hotel in San Francisco, catering to both permanent and transient residents. The hotel advertised that it was "under gay management," was "clean, safe and comfortable" and had a "24 hour attendant." Appellant selected the National Hotel as a permanent residence on the basis of its advertisements that it was "gay managed," leading him to believe "there would be no contretemps toward sexual preferences." He moved into the hotel in February 1981.

On August 30, 1982, the hotel rented a room to Jerome Meacham on a daily, or transient basis. Meacham's brief stay at the hotel was marked by controversy with some of the other tenants over the volume at which he played his stereo. On one occasion the hotel manager and a desk clerk became involved in an argument with Meacham concerning the high volume at which Meacham played music in his room. Appellant and other residents were also concerned over Meacham's "anti-gay" attitude, and complained about him to the hotel management.

On September 5, 1982, Meacham became involved in an argument with Jeffrey Reiswig, another hotel tenant, concerning excessive noise from Meacham's stereo. Appellant became aware of this argument and intervened in an effort to terminate it. Appellant then became involved in an argumentative confrontation with Meacham, during the course of which Meacham obtained a handgun and shot appellant.

Prior to the shooting Meacham had not assaulted anyone else in the hotel, and there is no evidence that anyone was aware he possessed a gun or had ever engaged in assaultive conduct. Neither is there evidence of any prior similar conduct or circumstance.

■ As a general rule, in the absence of a special relationship or statutory obligation, one is not liable for the tortious or criminal acts of others. (*Peterson* v. *San Francisco Community College Dist.* .(1984) 36 Cal.3d 799, 806 [205 Cal.Rptr. 842, 685 P.2d 1193]; 4 Witkin, Summary of Cal. Law

(8th ed. 1974) Torts, § 649.) ■ The relationship between innkeeper and guests is recognized as sufficiently "special" to impose liability under certain circumstances within the parameters of that relationship.

Although they are not insurers of safety, it is undisputed that owners or possessors of land, and particularly innkeepers, have a duty of care to protect invitees or tenants from the reasonably foreseeable criminal or tortious conduct of third persons. (*Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112 [211 Cal.Rptr. 356, 695 P.2d 653]; *Peterson* v. *San Francisco Community College Dist., supra,* 36 Cal.3d 799; *Taylor* v. *Centennial Bowl, Inc.* (1966) 65 Cal.2d 114, 121 [52 Cal.Rptr. 561, 416 P2d 793]; *Edwards* v. *Hollywood Canteen* (1946) 27 Cal.2d 802, 810 [167 P.2d 729]; *Kwaitkowski* v. *Superior Trading Co.* (1981) 123 Cal.App.3d 324 [176 Cal.Rptr. 494]; *Saatzer* v. *Smith* (1981) 122 Cal.App.3d 512, 518 [176 Cal.Rptr. 68]; *Kingen v. Weyant* (1957) 148 Cal.App.2d 656, 661 [307 P.2d 369]; 4 Witkin, Summary of Cal. Law (8th ed. 1984 supp.) Torts, § 596A; Prosser & Keeton on Torts (5th ed. 1984) § 61; Harper, et al., The Law of Torts (2d ed. 1986) § 18.7, fn. 17; Rest.2d Torts, §§ 341A, 344; Annot., Liability of Hotel or Motel Operator For Injury to Guest Resulting From Assault by Third Party (1984) 28 A.L.R.4th 80.)

The existence of such a duty is a question of law to be determined on a case-to-case basis (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at p. 124) after consideration of a number of factors, including "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Isaacs* v. *Huntington Memorial Hospital, supra,* at pp. 124-125.)

■ While foreseeability has frequently been cited as the predominant factor in the determination of duty (*Peterson* v. *San Francisco Community College Dist., supra,* 36 Cal.3d at pp. 806-809; *Dillon* v. *Legg* (1968) 68 Cal.2d 728, 739 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]), as another Court of Appeal has noted, "[f]oreseeability is not coterminous with duty" (*Cohen* v. *Southland Corp.* (1984) 157 Cal.App.3d 130, 138 [203 Cal.Rptr. 572]), but merely one factor to be weighed. (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at p. 125.) "[R]easonable foreseeability does not turn on whether the particular [defendant] as an individual would have in actuality foreseen the exact accident and loss; it contemplates that

courts, on a case-to-case basis, analyzing all the circumstances, will decide what the ordinary man under such circumstances should reasonably have foreseen. The courts thus mark out the areas of liability, excluding the remote and unexpected." (*Dillon* v. *Legg, supra,* at p. 741.) "[W]hat is required to be foreseeable is the general character of the event or harm ... not its precise nature or manner of occurrence. [Citation.]" (*Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 57-58 [192 Cal.Rptr. 857, 665 P2d 947]; *Kwaitkowski* v. *Superior Trading Co., supra,* 123 Cal.App.3d at p. 329.)

■ Proof of foreseeability is not limited to evidence of prior similar incidents, since such a rule precludes recovery to first-injured victims, and has been held to be inherently unfair and in contravention of public policy. (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at p. 135.) Nevertheless, "[w]henever the duty sought to be imposed upon the defendant would place an extremely onerous burden on both the defendant and the community, and where the defendant is not morally culpable, and where the proposed duty and the measures to be applied in discharge of the duty defy exact delineation and suffer from inherent vagueness, courts have declined to impose a duty when prior similar events did not make the harm highly foreseeable." (*Cohen* v. *Southland Corp., supra,* 157 Cal.App.3d at p. 142.)

■ Whether respondent herein had a duty herein to act in some fashion to protect or warn appellant is determined then by application of the foregoing factors and principles.

We conclude that the instant circumstances compelled the judgment of nonsuit, and that the trial court's analysis was correct. ■ Although foreseeability is ordinarily a question of fact for the jury, it may be decided as an issue of law if " 'under the undisputed facts there is no room for a reasonable difference of opinion.' [Citations.]" (*Bigbee* v. *Pacific Tel. & Tel.Co., supra,* 34 Cal.3d at p. 56; *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].) ■ This is such a case. The trial court noted the absence of evidence of any history of violence or assaultive behavior on the part of Meacham, a lack of evidence that respondent or anyone else was aware that Meacham possessed a gun, the absence of evidence that respondent knew or should have known of any risk to other hotel guests occasioned by Meacham's presence, and a lack of evidence that respondent failed to exercise reasonable care to protect appellant or other residents. The trial court also correctly observed that it could not "equate complaints to the manager about a noisy tenant with notice to the hotel that the tenant involved was dangerous to other guests, thereby imposing upon the hotel a duty to perceive that a noisy tenant might act in a criminal

manner and [shoot] another guest." In short, Meacham's conduct was not reasonably foreseeable.

Applying the *Rowland* factors further, we note that respondent's conduct was without moral blame, and the imposition of a duty to protect against this sort of criminal conduct would place "an extremely onerous burden" on both respondent and the community. (*Cohen* v. *Southland Corp., supra,* at p. 130; *Rowland* v. *Christian, supra,* 69 Cal.2d at p. 113.) For example, hotels have no right to search the luggage and personal possessions of their tenants for possible weapons, and any attempt to do so would not only dramatically increase their cost of doing business and, therefore, the cost to the travelling public, but would also subject them to a multitude of lawsuits for invasion of privacy.

Appellant's suggestion that respondent should have expelled or at least moved Meacham to another part of the hotel because of his alleged "anti-gay" philosophy is untenable. Hotel owners cannot classify and isolate their guests according to their perceived social or political philosophies. Such discrimination by a provider of public accomodations runs afoul of the Unruh Civil Rights Act (Civ. Code, § 51). (See, e.g., *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].)

The judgment of nonsuit is affirmed.

Low, P. J., and King, J., concurred.