Filed 5/30/13  Landry v. S.C. Beach Hotel Partners CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROSEMARIE E. LANDRY, | H038246 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 110CV179291) |
| v. | |
| S.C. BEACH HOTEL PARTNERS LLC, | |
| Defendant and Respondent. | |

In this action for premises liability, plaintiff Rosemarie Landry seeks review of an order granting summary judgment to defendant S.C. Beach Hotel Partners, LLC, which owns the Dream Inn Hotel ("Dream Inn") in Santa Cruz.  Plaintiff contends that defendant had a duty to protect her from the children who injured her on the stairway of hotel property.  We disagree and therefore affirm the judgment.

*Background*

The facts are undisputed.  Plaintiff, a guest at the Dream Inn, was descending the hotel stairs when three boys, also hotel guests, passed by, accompanied by an adult.  Two of the boys grabbed her, causing her to fall and be injured.[1]

---

[1] In her complaint, plaintiff alleged that the fall caused a broken collarbone "among other injuries."  In her deposition, however, she described her injury as a broken arm.

1

On February 4, 2011, plaintiff filed a complaint for damages for personal injury against defendant, claiming that the hotel was "negligently owned, maintained, managed and operated," and that defendant had breached its duty to plaintiff by failing to supervise its guests.  Defendant moved for summary judgment on the ground that the actions of the boys in this case were not reasonably foreseeable and it therefore did not owe plaintiff a duty to take measures to prevent plaintiff's injury.

The trial court granted summary judgment, finding that defendant did not owe a duty to plaintiff because defendant "had no reason to anticipate the wrongful act(s) of third parties which caused plaintiff's injuries."  The court entered judgment on February 1, 2012, followed by plaintiff's timely appeal.

*Discussion*

*1. Standard of review*

Summary judgment is proper if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c).)  A triable issue of material fact exists "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

A defendant who moves for summary judgment bears the initial burden of showing that the action or cause of action has no merit—that is, "that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action."  (Code Civ. Proc., § 437c, subds. (a), (p)(2).)  If the defendant makes a prima facie showing that justifies a judgment in its favor, the burden then shifts to the plaintiff to show that there exists a triable issue of material fact.  (*Aguilar*, *supra*, 25 Cal.4th at p. 850.)

2

On appeal, we review the record de novo to "determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334; *Daly v. Yessne* (2005) 131 Cal.App.4th 52, 58.)

In this case, the only issue before us is whether defendant had a legal duty to protect plaintiff from the cause of the injury she sustained on the premises. Because the existence and scope of defendant's duty are questions of law, we review them de novo. (*Cabral v. Ralphs Grocery* (2011) 51 Cal.4th 764, 770; *Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1213 [*Castaneda*]; *Ann M v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674 [*Ann M.*].)

2. *Duty of Proprietor*

Generally, a landowner has a duty to act reasonably in the management of his or her property " 'in view of the probability of injury to others.' " (*Garcia v. Paramount Citrus Assn.* (2008) 164 Cal.App.4th 1448, 1453, quoting *Rowland v. Christian* (1968) 69 Cal.2d 108, 119.) Furthermore, "[a] defendant may owe an affirmative duty to protect another from the conduct of third parties if he or she has a 'special relationship' with the other person." (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 235.)[2] Both parties recognize that an innkeeper has a special relationship with its patrons. "Although they

_____

[2] In *Ann M.*, our Supreme Court held that a shopping center had a "special relationship" with its tenants and patrons which encompassed a duty to undertake "reasonable steps to secure common areas against foreseeable criminal acts of third parties . . . likely to occur in the absence of such precautionary measures." (*Ann M., supra,* 6 Cal.4th at p. 674.) Here, however, plaintiff does not allege that the boys' conduct was a criminal act; therefore, we are not considering the issue of security measures against foreseeable crime, as in *Ann M*; nor is plaintiff asserting a duty to post security guards, as in that case.

3

are not insurers of safety, it is undisputed that owners or possessors of land, and particularly innkeepers, have a duty of care to protect invitees or tenants from the reasonably foreseeable criminal or tortious conduct of third persons. [Citations.]" (*Gray v. Kircher* (1987) 193 Cal.App.3d 1069, 1073; see also *Peterson v. Superior Court* (1995) 10 Cal.4th 1185, 1206 [hotel proprietors have a special relationship with their guests that gives rise to a duty to protect them from unreasonable risk of physical harm].) That duty of care includes taking "affirmative action to control the wrongful acts of third persons which threaten invitees where the [owner] has reasonable cause to anticipate such acts and the probability of injury resulting therefrom." (*Taylor v. Centennial Bowl, Inc.* (1966) 65 Cal.2d 114, 121, see also *Nevarez v. Thriftimart, Inc.* (1970) 7 Cal.App.3d 799, 804.)

Here, it is the scope of that duty which is at issue—namely, whether it extends to protecting plaintiff from the kind of harm that occurred on the hotel stairs. (Cf. *Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 280 [*Vasquez*] ["the question of a landlord's duty is *not* whether a duty exists *at all,* but rather what is the *scope* of the landlord's duty given the particular facts of the case"].) In assessing the scope of a duty owed to a plaintiff it is necessary to determine the foreseeability of the particular harm alleged. (*Castaneda*, *supra*, 41 Cal.4th at p. 1213). Foreseeability, when analyzed to determine the existence or scope of a duty, is a question of law to be decided by the court. (*Ericson v. Fed. Exp. Corp.* (2008) 162 Cal.App.4th 1291, 1300; *Delgado v. Trax Bar & Grill, supra,* 36 Cal.4th at p. 237 [*Delgado*]; *Ann M., supra*, 6 Cal.4th at p. 678.)

Plaintiff contends that "the methodology that trial and appellate courts must employ in addressing 'duty' questions in cases of this sort" is set forth in *Castaneda*, *supra*, 41 Cal.4th 1205. In *Castaneda*, plaintiff sued the owners of the mobile home park where he was a resident after he was shot and injured as the result of a gang confrontation

4

involving another tenant.  The question for the Supreme Court was whether the owners had a duty to evict tenants who were gang members, or not to have rented to them in the first place.  The court concluded that refusing to rent to suspected gang members would be contrary to public policy, and that evicting such tenants would be excessively burdensome.  (*Id.* at pp. 1216-1219.)  Finally, the court decided that the possibility of gun violence at the mobile home park did not rise to the level of "heightened foreseeability" required to impose a "heavily burdensome duty such as hiring security guards" to prevent violent criminal assaults.  (*Id.* at pp. 1222.)

In its determination that the mobile home park owners did not owe plaintiff a duty to protect him from the shooting that occurred on the property, the court applied the balancing test used in *Ann M.* and in *Delgado*:  " '[T]he scope of the duty is determined in part by balancing the foreseeability of the harm against the burden of the duty to be imposed.' "  (*Castaneda*, *supra*, 41 Cal.4th at p. 1213.)  The court cited with approval *Vasquez, supra,* 118 Cal.App.4th 269. which required that for each case, the court 1) identify "the specific measures the plaintiff asserts the defendant should have taken to prevent the harm," 2) analyze the financial and social burden of the proposed measures, 3) "identify the nature of the third party conduct that the plaintiff claims could have been prevented had the landlord taken the proposed measures," and 4) determine how foreseeable it was that this conduct would occur.  (118 Cal.App.4th at p. 285.)  Then, the court should balance foreseeability and burden to determine the scope of the defendant's duty.  The more certain the likelihood of harm, the higher the burden a court will impose on a landlord to prevent it; the less foreseeable the harm, the lower the burden a court will place on a landlord.  (*Id.* at pp. 285.)  "[I]mposition of a high burden requires heightened foreseeability, but a minimal burden may be imposed upon a showing of a lesser degree of foreseeability."  (*Delgado*, *supra*, 36 Cal.4th at p. 243.)

5

The Supreme Court in *Delgado* explained: "In circumstances in which the burden of preventing future harm caused by third party criminal conduct is great or onerous (as when a plaintiff, such as in *Ann M.*, asserts the defendant had a legal duty to provide guards or undertake equally onerous measures . . . ) heightened foreseeability—shown by prior similar criminal incidents or other indications of a reasonably foreseeable risk of violent criminal assaults in that location—will be required. By contrast, in cases in which harm can be prevented by simple means or by imposing merely minimal burdens, only 'regular' reasonable foreseeability as opposed to heightened foreseeability is required." (*Delgado, supra,* 36 Cal.4th at p. 243, fn. 24.)

Following *Vasquez* as approved in *Castaneda*, we evaluate how foreseeable it was that this kind of harm would occur. (*Vasquez*, *supra*, 118 Cal.App.4th at p. 280.) The Supreme Court has explained that "that the requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises." (*Ann M., supra,* 6 Cal.4th at p. 679.) In that context, "[h]eightened foreseeability is satisfied by a showing of prior *similar* criminal incidents (or other indications of a reasonably foreseeable risk of violent criminal assaults in that location) and does not require a showing of prior *nearly identical* criminal incidents." (*Delgado, supra,* 36 Cal.4th at p. 245.) Both parties assume the applicability of these standards, although neither regards the boys' conduct as a violent criminal assault.

*3. The Allegations of Plaintiff's Complaint*

Because the pleadings define the issues presented in a summary judgment proceeding, we first examine the allegations set forth in the operative pleading, the first amended complaint. Plaintiff asserted only one cause of action, for premises liability. She alleged that she was a paying guest in defendant's hotel, which defendant had "negligently owned, maintained, managed, and operated." Plaintiff alleged that

6

defendant was responsible for supervising its guests and failed to do so by allowing the children to "run around the premises unsupervised."

## 4. Defendant's Showing

In support of its summary judgment motion defendant argued that it "did not have a duty to supervise the children because their conduct was unforeseeable . . . ." Defendant submitted the declaration of Robin Donovan, general manager of the Dream Inn. In her declaration Donovan stated that she had knowledge of all complaints received at the Dream Inn over the past seven years and was unaware of any reports of an assault or physical harm caused by a hotel guest to another hotel guest. Defendant maintained that because no incidents resembling the one involving plaintiff had been reported to Donovan, there was no reason for it to anticipate that plaintiff would be harmed in that manner.

The evidence provided by Donovan's declaration was sufficient to meet defendant's burden to negate the element of duty. The declaration establishes that defendant had no reason to believe that the children's exuberant activity was a problem that presented the threat of harm to other hotel guests because the general manager was unaware of any similar incidents in the past. Therefore, staff at the Dream Inn had no reason to anticipate that one would occur in the future. Without a basis for anticipating an incident of this kind, defendant did not owe plaintiff a duty to prevent it.

Plaintiff protests that Donovan's declaration is insufficient to establish defendant's entitlement to summary judgment because it does not show that defendant "neither knew, nor should have known, that young boys running around (especially in the stairwells) are sooner or later going to run down an innocent little ol' lady." She argues that the evidence proves only that "no complaint had been received," not that no similar incident had occurred. The key here, however, was to show that Donovan did not have any

7

*knowledge* of similar events occurring in the past. Her declaration accomplished that purpose.

Plaintiff also argues that an innkeeper would have "reasonable cause to anticipate such acts and the probability (inevitably, if one goes to the well often enough!)." However, plaintiff's point (made at the hearing without supporting evidence) that a number of young children frequent the hotel instead lends support to defendant's assertion that it had no reason to anticipate an accident of this kind. Despite the multitude of children "running around excited to get to the beach," the general manager asserted that to her knowledge, an injury of this kind had never occurred in the hotel. It would be difficult, then, operating with the same conditions it usually does, to foresee what extraordinary event could occur within the hotel. As we have already concluded, Donovan's declaration was sufficient to establish that she was unaware of any incidents of this nature occurring at the Dream Inn and therefore had no reason to anticipate them.

Plaintiff additionally contends that defendant did not meet its burden because it failed to "pin down [plaintiff] to any more specific duty claim." The "root of the problem," according to plaintiff, is defendant's failure to supply evidence of "the specific action or actions plaintiff claims [that defendant] w[as] obligated to take." Failing to "pin down" plaintiff means, in her view, that defendant had to negate "the existence of *any* duty." Plaintiff misses the mark entirely. It was not defendant's obligation to determine what duty of care defendant had toward her; it was to negate the existence of the duty *alleged by the plaintiff.* Nor was it defendant's obligation to offer analysis regarding "less burdensome measure[s]" plaintiff never asserted defendant should have taken. Thus, plaintiff cannot fault defendant for her own failure to identify the specific duty defendant allegedly breached.

Likewise, her effort to impose this obligation on the trial and appellate courts is unavailing. The court is required to "identify the specific action or actions the *plaintiff*

8

*claims* the defendant had a duty to undertake." (*Castaneda*, *supra*, 41 Cal.4th at p. 1214, italics added; see also *Vasquez*, *supra*, 118 Cal.App.4th at p. 285 [court must identify specific measures *plaintiff asserts* defendant should have taken to prevent the harm].) But here plaintiff claimed no such specific action or actions. The burden was on the plaintiff to allege with specificity the measures defendant should have taken to prevent the accident. (*Castaneda*, *supra*, 41 Cal.4th at p. 1215.) Plaintiff alleged only defendant's failure to "supervise" hotel guests in its complaint; consequently, it is only this proposed action we are required to address.

Plaintiff's indirect allegation of duty was no more specific than that of supervision. Defendant offered (and refuted) the theory that security guards should have been posted; plaintiff, however, rejects that theory, calling it a "false issue" and a "red herring." Consequently, we need not consider the viability of that suggested theory.

Instead, appellant contends that the question presented here is a "generic version" of the duty to provide security guards. What appellant means by "generic version" is unclear. We will not speculate as to its meaning, as it is not this court's duty to "develop arguments [that] are merely suggested." (*Tate v. Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843, 855-856; see also *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 891, fn. 1 ["We will not develop the appellants' arguments for them"].)

The most specific suggestion plaintiff makes—again, indirectly, by asserting that defendant was obligated to conceive and refute it—is that defendant "needs to 'rule out' duties to take less burdensome steps such as posting signs, emphatically warning parents that they will/may be held legally liable if their children cause harm or damage, and the like."[3] Plaintiff's argument is flawed. First, posting signs and other measures to warn

---

[3] At the summary judgment hearing, plaintiff's counsel argued that "the hotel has an obligation to advise its guests, the parents, the adults, supervise your kids, advise them no running. There should be signs up there that says [*sic*] no running because it's

parents to supervise their children can hardly be considered to be within the scope of her complaint, where she alleged that defendant itself failed to supervise its guests. However, even if the allegation of negligent supervision could be broadly construed to encompass warning signs on the premises, we have already concluded that the behavior of the boys was unprecedented and thus defendant did not have a duty to anticipate the harm that occurred.

Aside from warnings to adult guests, which we have already noted were not alleged in her complaint as a safety measure defendant was obligated to undertake, plaintiff suggests no other acts defendant could have taken to prevent the accident on the stairs. Defendant attempted to address the prospect of security guards, but, as we observed earlier, plaintiff insists that this is a "false issue" and a "red herring." In any event, hiring an additional staff member to be posted on the premises would not be compelled in light of the financial and social burden of such a measure. (See *Vasquez, supra,* 118 Cal.App.4th at p. 285; cf. *Delgado, supra,* 36 Cal.4th at p. 238 [discussing monetary and social costs to proprietor in hiring security guards].)

Because we have found that the children grabbing plaintiff, causing her to fall, was not a foreseeable event, the extent of the burden to defendant is essentially irrelevant. The only way to balance a scale that bears no weight on one side is to leave the other side empty as well. The injury here was not foreseeable, and therefore we will not impose on defendant the burden of preparing for the unknown. " 'If there is no duty, there can be no liability, no matter how easily one may have been able to prevent injury to another.' " (*Ericson v. Fed. Exp. Corp., supra,* 162 Cal.App.4th 1291, 1305, quoting *Margaret W. v. Kelley R.* (2006) 139 Cal.App.4th 141, 150.) Defendant established that its duty to

---

dangerous." Plaintiff's accident happened, counsel insisted, because "[t]he hotel failed to advise its guests you need to monitor your kids." Plaintiff offered no showing, however, that signs or other forms of admonition would have averted the harm in this case.

10

plaintiff did not extend to protecting her from the unforeseeable actions of the children in this case. The burden then shifted to plaintiff to show a triable issue of material fact on the issue of duty. (Code Civ. Proc., § 437c, subd. (p)(2).)

*5. Plaintiff's Opposition*

While past similar acts are not required to establish foreseeability, appellant has put forth no affirmative evidence suggesting that the actions of the children were foreseeable. Instead, she merely suggests, without any support or evidence in the record, that "young boys running around (especially in the stairwells) are sooner or later going to result in the kind of harm suffered by plaintiff." The presence of children on the premises, without more, is not sufficient to cause the hotel staff to anticipate an incident such as the one presented here. The hotel had no reason to foresee an incident of this kind, and thus had no duty to assume the burden of supervising its guests. If there was a triable issue of fact on this point, it was plaintiff's obligation to raise it through admissible evidence. She failed to do so.

Because defendant negated the duty element of plaintiff's negligence claim and plaintiff failed to show a triable issue of material fact on that element, her complaint was properly adjudicated through summary judgment.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.